UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERVIN JOHNSON, | ) |
|          Plaintiff, | ) Case No. |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
|          Defendant. | ) |

## COMPLAINT AT LAW

Plaintiff, ERVIN JOHNSON, by and through his attorneys, JAMES P. NAVARRE and MOSSING & NAVARRE, LLC, complaining of the defendant, UNITED STATES OF AMERICA, states as follows:

**INTRODUCTION:**

1. This is a Federal Tort Claims Act (FTCA) complaint arising out of medical care plaintiff received for a suspected stroke at Edward Hines, Jr. VA Hospital in Cook County, Illinois.

2. Plaintiff has exhausted his administrative remedy under 28 U.S.C. Sections 1346(b), 2401(b), 2671-2680. See Exhibit A.

3. At all relevant times herein, Plaintiff was treated by physicians, nurses, and other medical staff at Edward Hines, Jr. VA Hospital (hereinafter "Hines") comprising a single organized medical staff who were employees or agents of the UNITED STATES OF AMERICA and who were acting in the course and scope of their employment or agency by the UNITED STATES OF AMERICA during their treatment of plaintiff and at all times herein.

4. At all times relevant herein, the physicians, nurses, and medical staff of Hines were obligated to comply with the standard of care relative to their care and treatment of plaintiff.

5. On or about January 4, 2014, plaintiff ERVIN JOHNSON went to the Hines emergency room for treatment following a fall.

6. Plaintiff was admitted to Hines VA Hospital and he underwent treatment for generalized weakness and a suspected stroke.

7. On January 4, 2014, plaintiff's sacral region was without skin breakdown or ecchymosis.

8. On admission to Hines, Plaintiff was deemed to be at moderate risk for developing pressure wounds.

9. Plaintiff was deemed a high risk for developing pressure wounds by Hines staff on January 9, 2014.

10. On or about January 17, 2014, plaintiff had a stage II wound on his sacrum, which measured approximately 3 cm x 6 cm.

11. By January 23, 2014, plaintiff's pressure wound on his sacrum/coccyx had progressed to Stage III and had encroached into each buttock.

12. On February 12, 2014, plaintiff's pressure wound on his coccyx/sacrum was unstageable and measured 10 cm x 4 cm.

13. On February 16, 2014, plaintiff's pressure wound on his coccyx/sacrum had developed to Stage IV.

14. By February 20, 2014, plaintiff's pressure wound was Stage IV, with full-thickness skin loss and destruction and damage to muscle, bone, and/or the supporting structures.

15. By March 5, 2014, plaintiff's pressure wound which developed at Hines remained Stage IV and measured approximately 5.4 cm x 5 cm x 1.5 cm.

16. On March 14, 2014, plaintiff's pressure wound was Stage IV, and a rental Rite Hite Clinitron bed was ordered for plaintiff due to a therapeutic failure with a low air loss surface.

17. On or about March 20, 2014, a wound vac was placed on plaintiff's pressure wound.

18. Plaintiff continued to receive wound vac treatment for his pressure wound for several

months while at Hines.

19. Plaintiff's pressure wound on his sacrum/coccyx was not healed until immediately prior to his anticipated discharge from Hines on September 12, 2014.

20. Plaintiff has ongoing pain, which prevented him from effectively participating in his post-stroke therapies while at Hines, thereby delaying his recovery and leading to a longer hospital stay.

21. Plaintiff's ability to walk was compromised by his pressure wound and the pain caused by the pressure wound.

22. Plaintiff has permanent disability and discomfort.

23. Plaintiff has permanent pain and suffering.

24. Plaintiff has permanent disfigurement, including significant and visible scarring.

25. The defendant, UNITED STATES OF AMERICA, by and through its authorized agents and employees including the physicians, nurses, and medical staff at Hines VA Hospital was negligent in its care and treatment of plaintiff in one or more of the following ways:

    a. Failed to follow and timely implement pressure ulcer protocol;

    b. Failed to timely recognize that plaintiff was at high risk for skin breakdown;

    c. Failed to evaluate factors outside of the Braeden scale as part of assessment of plaintiff's risk for skin breakdown;

    d. Failed to properly treat plaintiff to prevent skin breakdown and the development of a pressure wound;

    e. Failed to prescribe appropriate medications, treatments, and therapies to prevent and/or decrease the severity of skin breakdown and/or a pressure wound;

    f. Failed to properly and timely perform assessments of the plaintiff;

    g. Failed to reassess plaintiff's risk of further skin breakdown once he developed a pressure wound;

    h. Failed to try new approaches to treat plaintiff's developing and worsening

pressure wound;

i. Failed to accurately document the progression of plaintiff's skin breakdown;

j. Failed to properly position the plaintiff;

k. Failed to properly rotate plaintiff;

l. Failed to properly and timely intervene to address plaintiff's wound;

m. Failed to properly and timely diagnose and treat plaintiff;

n. Failed to turn plaintiff and move him regularly;

o. Failed to properly and timely monitor plaintiff for skin breakdown; and/or

p. Was otherwise careless and negligent.

26. As a proximate result of one or more of the aforementioned negligent acts and/or omissions by the defendant, UNITED STATES OF AMERICA, by and through its authorized agents and employees at Hines VA Hospital, plaintiff has suffered pain and suffering, permanent injuries, disability, and disfigurement of a personal and pecuniary nature.

Wherefore, Plaintiff, ERVIN JOHNSON, moves for judgment against the Defendant UNITED STATES OF AMERICA, in a sum in excess of the jurisdictional limit of Seventy-Five Thousand and 00/100 ($75,000) dollars, plus costs.

Respectfully Submitted,

/s/ Jim P. Navarre

Jim P. Navarre
Mossing & Navarre, LLC
30 North LaSalle Street – Suite 1524
Chicago IL 60602
(312)262-6700
Attorney #: 6216600